**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**THE PUEBLO OF TAOS**

**Plaintiff,**

**v.** **No.** 26-1331 L

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**COMPLAINT**

Plaintiff, by and through the undersigned attorney, for its Complaint against the United States, hereby alleges as follows:

INTRODUCTION

1. This is an action by Plaintiff, Pueblo of Taos ("Tribe" or "Pueblo"), seeking money damages against the United States of America ("United States" or "Government") for breaches of fiduciary duties by the United States which occurred from October 7, 2016 to November 4, 2022, acting by and through its past and current federal agencies and officers, as trustees and trustee-delegates in failing to properly manage and invest funds paid to the Tribe by the United States as authorized and appropriated per §509(c) of Title V of Pub. L. 111-291 (Act of December 8, 2010, the Taos Pueblo Indian Water Rights Settlement Act and a subsequent series of appropriations Acts enacted from 2011 and 2016 (hereinafter "Water Settlement Funds"). October 7, 2016 was the "Enforcement Date" for those funds established per §509(g) of that statute.

2. These funds were managed and invested by the United States for that period initially by and through the Office of Special Trustee and later by and through the Bureau of Trust Fund Administration (BTFA). At all times material those funds were held and managed by the United States in Account No. WR4020691.

3. From and after that "Enforcement Date," the United States had a fiduciary duty to manage and invest funds in that account (totaling $103,446,573.34 as of October 3, 2016) and to generate interest or other investment returns on those funds per 25 U.S.C. §§161a, 162a and 4043(b)(2)(B) and the common law fiduciary duties and principles applicable to such trust funds.

4. Effective November 4, 2022 the Water Settlement Funds and investments then managed by the BTFA were transferred to the Tribe per a Tribal Management Plan approved by the Secretary of the Interior per 25 C.F.R. Part 1200. As provided at 25 U.S.C. §§4022(c) and 4027, the occurrence of that transfer did not waive any claims of the Pueblo against the United States, or relieve the United States of liability for any losses suffered by the Pueblo, caused by breaches of trust committed by the United States for periods prior to that transfer.

5. The United States breached its solemn fiduciary duties to the Tribe by mismanaging the Water Settlement Funds it held in trust for the Tribe from October 7, 2016 to November 4, 2022. The United States has failed to properly manage and invest those funds, resulting in substantial lost earnings and revenue to the Tribe. This Action arises out of the Government's breach of statutory, regulatory, and common law trust duties owed to

the Tribe.

PARTIES

6. Plaintiff is and was in the period of October 7, 2016 to November 4, 2022 a federally recognized Indian tribe as acknowledged by the United States.

7. Defendant trustee United States, acting by and through the Department of the Interior, Office of Special Trustee and later the Bureau of Trust Fund Administration, and other past and present federal agencies and their officers, as a matter of federal statutory, regulatory, and common law, is trustee and a fiduciary to the Plaintiff Pueblo of Taos and is charged with carrying out trust duties and responsibilities with regard to the management and administration of funds held in trust for the use and benefit of the Tribe. The Secretary of the Interior, as the principal agent of the trustee United States, has continuously reaffirmed that the trust responsibilities of the United States to the Tribe are well-established, originated with the formation of the United States Government, and are an ongoing obligation. Secretarial Order No. 3335 (Aug. 20, 2014). The Secretarial Order states at §3a) that "[t]he trust responsibility consists of the highest moral obligations that the United States must meet to ensure the protection of tribal and individual Indian lands, assets, resources, and treaty and similarly recognized rights."

JURISDICTION

8. This Court has jurisdiction over the subject matter of this civil action under the Indian Tucker Act, 28 U.S.C. §1505, and the Tucker Act, 28 U.S.C. §1491(a)(l), because the action involves a claim against the United States for money damages brought

by an Indian tribe residing within the territorial limits of the United States, and arises under the Constitution, laws, statutes, and regulations of the United States, Executive Orders of the President, and federal common law, all of which govern the administration and management of property held by the United States in trust for Indian tribes as described herein.

9. The Government has waived its sovereign immunity for the claims pled in this action under 28 U.S.C. §§1491 and 1505.

THE UNITED STATES' FIDUCIARY OBLIGATIONS

10. The long-standing trust relationship between the United States and the Tribe, and the fiduciary duties assumed by the United States, are rooted in and derived from multiple statutory and regulatory provisions governing the administration of trust funds and assets.

11. Since 1820, Congress has enacted laws authorizing the Secretary of the Interior to collect income from tribal trust property and to deposit such trust income in the United States Treasury and other depositary institutions for the benefit of the Tribe; directing that interest be paid on tribal trust funds; and requiring that such trust funds be invested, among other obligations. *See, e.g.,* 25 U.S.C. §§161 and 162a and 25 U.S.C. §4043(b)(2)(B)(i); 25 U.S.C. §§151 through 165 (deposit, care, and investment of Indian moneys); 25 U.S.C. §413 (establishing reporting and management requirements for Indian moneys in the American Indian Trust Fund Management Reform Act); Title 31 of the United States Code (United States Treasury statutes).

12. The United States promulgated regulations that generally and specifically describe its duties in managing the Tribe's trust funds, including without limitation 25 C.F.R. Chapter I, Subchapter G (Financial Activities), 25 C.F.R. Part 1200 (American Indian Trust Fund Management Reform Act regulations). The statutes and regulations describing the United States' duties in managing tribal trust funds create specific fiduciary duties that mandate compensation for damages sustained as a result of the breach of the duties imposed. *Jicarilla Apache Nation v. United States,* 100 Fed. Cl. 726, 730-732 (2011); *see also, Cheyenne-Arapaho Tribes of Indians of Oklahoma v. United States,* 206 Ct.cl. 340, 512 F.2d 1390, 1392 (Ct. Cl. 1975).

13. Because the United States held the Tribe's funds in Account No. WR 4020691 in trust, from October 7, 2016 to November 4, 2022, it has assumed the obligations of a trustee respecting the management and investment of those funds from and after the enforcement date of October 7, 2016, until those funds were transferred to the Pueblo's management effective November 4, 2022. *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 475-76 (2003); *United States v. Mitchell,* 463 U.S. 206, 225 (1983); *Jicarilla Apache Nation,* 100 Fed. Cl. at 731-732 (Fed. Cl 2011).

14. As trustee, the United States has a fiduciary relationship and obligations of the highest responsibility to administer the trust with the greatest skill and care possessed by the trustee; its conduct "should therefore be judged by the most exacting fiduciary standards." *Cobell v. Norton,* 240 F.3d 1081, 1099 (D.C. Cir. 2001) (quoting *Seminole Nation v. United States,* 316 U.S. 286, 297 (1942)); *Shoshone Indian Tribe v. United States,*

364 F.3d 1339, 1348 (Fed. Cir. 2004); *Jicarilla Apache Nation v. United States,* 112 Fed. Cl. 274, 287 (2013). These fiduciary obligations include, among other duties, ensuring that tribal trust funds are protected, preserved and managed so as to maximize the trust income to the beneficiary by prudent investment. *Jicarilla Apache Nation, Id.* at 289.

15. The United States breached the above duties owed to Pueblo of Taos, resulting in substantial losses to the Tribe.

<u>BREACH OF TRUST: WATER SETTLEMENT TRUST FUNDS</u>

16. Congress, via the American Indian Trust Fund Management Reform Act of 1994, Pub.L. No. 103-412, 108 Stat. 4239 *et seq.,* codified at 25 U.S.C. §§4001-4061, recognized the trust obligations of the United States and required the Secretary of the Interior to provide timely and accurate reconciliations of tribal trust funds, audit all tribal trust funds annually, and effectively manage and discharge its trust responsibilities through the appointment of a Special Trustee for American Indians, later replaced by the Bureau of Trust Funds Administration.

17. The United States controls all the books and records of account relating to trust funds and trust assets to be used for the benefit of the Tribe.

18. Since 1990, Congress has passed a series of Appropriations Acts that toll the statute of limitations for losses to or mismanagement of trust funds until an accounting is provided from which the Tribe can determine whether there has been a loss. *See e.g.,* Department of the Interior Appropriations Act of 2014, Pub. L. No. 113-76, Div. G, Title I, 128 Stat. 305-06 (Jan. 17, 2014). The Tribe has never received such an accounting.

19. The United States failed to meet its fiduciary obligation to appropriately invest and manage the Tribe's water settlement trust funds. This includes, without limitation, failing to make the Water Settlement Funds it has held in trust for the Tribe as productive as prudently feasible and by making imprudent investments, contrary to the express statutory duty imposed by 25 U.S.C. §§161a and 162a and 4043(b)(2)(B).

## PRAYER FOR RELIEF

WHEREFORE, the Tribe respectfully requests that the Court:

1. Rule that the United States breached its fiduciary duty and trust obligations to the Pueblo of Taos respecting the United States' management of the funds held in Account No. WR 4020691, that the Pueblo suffered financial loss due to that breach, that the United States is liable to the Pueblo and is obliged to pay money damages to compensate the Pueblo on account of that breach and that loss.

2. Award the Tribe monetary damages in an amount to be determined by the Court at trial at which will compensate the Tribe for the injuries and losses caused through violations of the United States' fiduciary and statutory responsibilities set out above, including interest as required by law; and,

3. Award the Tribe its costs and attorney's fees incurred herein under 28 U.S.C. § 2412 and any other applicable law; and,

4. Award such other and further relief as the Court deems just and equitable.

Dated this 9th day of September, 2026.

Respectfully submitted,

/s/ C. Bryant Rogerg

C. Bryant Rogers
VanAmberg, Rogers, Yepa, Abeita,
Gomez & Wilkinson, LLP
P.O. Box 1447
Santa Fe, NM 87504-1447
Tele. (505) 988-8979
Fax: (505) 983-7508
cbrogers@nmlawgroup.com

/s/ David Gomez

David Gomez
VanAmberg, Rogers, Yepa, Abeita,
Gomez & Wilkinson, LLP
P.O. Box 1447
Santa Fe, NM 87504-1447
Tele. (505) 988-8979
Fax: (505) 983-7508
dgomez@nmlawgroup.com
*Attorneys for the Pueblo of Taos*